IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| Petitioner, | § § § | |
| VS. | § | NO. 3-08-CV-0345-G |
| LAWRENCE P. PITTS | § § § | |
| Respondent. | § | |

## MEMORANDUM ORDER

The United States of America has filed a petition to enforce an Internal Revenue Service ("IRS") summons served on Lawrence P. Pitts. For the reasons stated herein, the petition is granted.

I.

On July 20, 2007, the IRS served an administrative summons on Pitts as part of an investigation into his federal tax liability for the calendar years 1992, 2000, 2001, 2002, 2003 and 2004, as well as his ability to pay civil penalties assessed against him for the tax years 1993, 1994, 1995, 1996, 1997, 1998, 2001, 2002, 2004 and 2005. Pitts was directed to appear before Risa Allred, an IRS Revenue Officer, on August 3, 2007 at 11:00 a.m., to give testimony and bring for examination all documents and records relating to his assets and liabilities. Although Pitts appeared for the scheduled appointment,[1] he failed to produce any documents and refused to testify as to the matters set forth in the summons until the IRS answered questions about his taxpayer rights. The government filed this judicial enforcement action on February 26, 2008.

---

[1] The appointment was rescheduled by agreement for August 20, 2007.

A show cause hearing was held on April 11, 2008 before U.S. Magistrate Judge Jeff Kaplan. Pitts appeared at the hearing *pro se*. Special Assistant U.S. Attorney Audrey M. Morris appeared for the government. After considering the written submissions of the parties and the evidence presented at the hearing, the court determines that the summons should be enforced in its entirety.

II.

A federal district court may enforce an IRS summons if a taxpayer fails to appear and produce records that are relevant to a legitimate tax inquiry. 28 U.S.C. § 7604; *United States v. Wyatt*, 637 F.2d 293, 299-300 (5th Cir. 1981). To obtain enforcement of a summons, the government has the initial burden to show that: (1) the investigation is being conducted for a legitimate purpose; (2) the summons is relevant to that purpose; (3) the information sought is not already in the possession of the IRS; and (4) all proper administrative procedures have been followed. *United States v. Powell*, 379 U.S. 48, 57-58, 85 S.Ct. 248, 254-55, 13 L.Ed.2d 112 (1964). The burden of establishing a prima facie case is "slight" or "minimal" and can be satisfied by presenting the sworn affidavit testimony of the agent who issued the summons. *See Mazurek v. United States*, 271 F.3d 226, 229-30 (5th Cir. 2001); *United States v. Davis*, 636 F.2d 1028, 1034 (5th Cir.), *cert. denied*, 102 S.Ct. 320 (1981). Once the government establishes a prima facie case, the burden shifts to the taxpayer to rebut the *Powell* factors or demonstrate that enforcement of the summons would result in an abuse of process. *Mazurek*, 271 F.3d at 230.

The government has established a prima facie case for judicial enforcement of the summons. In a sworn declaration and in her testimony at the hearing, Allred explained that she is investigating Pitts's tax liability for the calendar years 1992, 2000, 2001, 2002, 2003 and 2004, as well as his ability to pay civil penalties assessed against him for the tax years 1993, 1994, 1995, 1996, 1997, 1998, 2001, 2002, 2004 and 2005. (*See* Gov't Pet., Exh. B. at 1, ¶ 2). Allred further testified that

the books, records, and other documents requested in the summons are necessary to the investigation, that the information sought is not already in the possession of the IRS, that all administrative steps required by law for issuance of the summons have been taken, and that there is no Justice Department referral in effect with respect to this matter. (*Id.*, Exh. B at 1-3, ¶¶ 3-9).

In an attempt to rebut the government's prima facie case, Pitts appears to challenge the assessment of taxes for the relevant periods and the refusal of the IRS to answer questions about his taxpayer rights. A summons enforcement action is not the proper vehicle for raising these issues. *See Beaumont Key Services, L.L.C. v. United States*, No. 3-05-CV-0973-L, 2005 WL 2007100 at *2 (N.D. Tex. Aug. 19, 2005) (Kaplan, J.), *citing United States v. Kis*, 658 F.2d 526, 535 (7th Cir. 1981), *cert. denied*, 102 S.Ct. 1712 (1982). Rather, the sole reason for such a proceeding is to ensure that the IRS has issued a summons for a proper purpose. *Id.* The IRS may summon information and documents for the legitimate purpose of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . ., or collecting any such liability[.]" 26 U.S.C. § 7602(a). Information is relevant if it "might shed light on" any aspect of the investigation. *United States v. Caltex Petroleum Corp.*, 12 F.Supp.2d 545, 554 (N.D. Tex. 1998) (Kaplan, J.) (citing cases). Clearly, the documents summoned by the IRS are relevant to the ongoing investigation of Pitts's tax liability for the periods in question.

Nor has Pitts shown that enforcement of the summons would constitute an abuse of the court's process. To establish abuse of process, a taxpayer must produce evidence of bad faith or egregious misconduct on the part of the government. *Id.* at 555. This heavy burden is consistent with the reluctance of courts to circumscribe the broad summons authority given the IRS. *Id.* Pitts alleges that the summons was issued for an improper purpose because the IRS has refused to give him a pre-administrative hearing, has not complied with the Privacy Act, has refused to produce any

tax assessment records, has not issued a valid deficiency notice, and has not answered certain correspondence. (*See* Resp. to Show Cause Ord. at 2-4). Such conduct, even if proved, falls far short of the egregious misconduct required to prove an abuse of process. *See Beaumont Key Services*, 2005 WL 2007100 at *2 (failure of IRS to schedule collection due process hearing before taxpayer complied with administrative summons does not constitute abuse of process or bad faith). *Cf. United States v. Texas Heart Institute*, 755 F.2d 469, 482 (5th Cir. 1985) (bad faith found where IRS planned to unlawfully disclose the summoned documents); *United States v. Deak-Perera & Co.*, 566 F.Supp. 1398, 1402 (D.D.C. 1983) (bad faith found where IRS committed fraud in gathering information used to issue the summons).

## CONCLUSION

For these reasons, the government's petition to enforce IRS summons [Doc. #1] is granted. Lawrence P. Pitts is ordered to testify and produce all books, records, papers, and other documents specified in the summons attached as Exhibit "A" to the government's petition filed on February 26, 2008. Pitts is ordered to appear with these materials before Revenue Officer Risa Allred, or any other officer of the Internal Revenue Service, at 4050 Alpha Road, First Floor, Farmers Branch, Texas 75244, on **May 21, 2008** at **10:00 a.m.**

The clerk shall send a copy of this order by certified mail, return receipt requested, and by regular mail to Lawrence P. Pitts, 2714 County Valley Road, Garland, Texas 75043.

SO ORDERED.

DATED: April 11, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE